IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. DEKALB, | No.  2:20-CV-1818-KJM-DMC-P |
| Petitioner, | |
| v. | ORDER |
| RALPH DIAZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the Court is Petitioner's motion for the appointment of counsel. ECF No. 14. He also moves for an extension of time to file a traverse. ECF No. 13.

There is no absolute constitutional right to appointment of counsel in habeas proceedings. See Lawrence v. Florida, 549 U.S. 327, 336–37 (2007); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). If discovery or an evidentiary hearing is warranted, the Court may appoint counsel. See Fed. R. Governing Section 2254 Cases, Rules 6(a), 8(c). Additionally, the Court may appoint counsel for an indigent petitioner "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

1 Petitioner first contends that he requires counsel because he is indigent and lacks the ability to retain counsel on his own. ECF No. 14 at 2. He also argues that his case involves substantially complex issues that he cannot address on his own. See id. at 3–4. Petitioner asserts that he is mentally disabled and lacks the capacity to understand and argue his claims. See id.

Petitioner's motion relies upon the declaration of Michael P. Goldstein, Petitioner's former appointed appellate counsel. Id. at 7. Mr. Goldstein handled the direct appeal of Petitioner's conviction. Id. Mr. Goldstein, in a candid and helpful declaration, states that he is certain that Petitioner lacks the capacity to reply to Respondent's answer because Petitioner has a long history of mental illness, as the California Court of Appeal noted in its opinion affirming Petitioner's conviction. Id. The Court of Appeal noted that Petitioner was diagnosed with schizophrenia at 19 and has a history of significant schizophrenic episodes and delusions. See ECF No. 12-10. Mr. Goldstein notes that, during the course of his representation of Petitioner, he was at times unable to communicate with Petitioner because Petitioner had been removed from general jail population to receive mental health treatment. ECF No. 14 at 7. Some of Petitioner's correspondence with Mr. Goldstein was unusual. Id.

Moreover, Mr. Goldstein—*not* Petitioner—prepared Petitioner's petition for a writ of habeas corpus *pro bono*. Id. Mr. Goldstein also prepared Petitioner's motions pending before the Court. Id. He further declares that it is his professional opinion, after some 47 years of practicing appellate criminal defense, that Petitioner's case involves complex issues warranting appointment of counsel if they are to be fully understood and properly litigated in a post-conviction setting.[1] Id. at 7–9. Petitioner, in counsel's opinion, is wholly incapable of researching and presenting alleged trials errors to this Court. Id. Mr. Goldstein also notes that, just in filing the petition, he has already expended considerable time on properly pursuing Petitioner's post-conviction remedies. Id. at 9. Mr. Goldstein paid the filing fee for the instant petition. Id. at 10. Finally, Mr. Goldstein avers that he spoke with counsel for Respondent, who stated that she had no objection to the appointment of counsel for Petitioner. Id. at 8.

---

[1] Mr. Goldstein recommends appointment of the Office of the Federal Public Defender to represent Petitioner. ECF No. 14 at 9–10.

The Court first notes, irrespective of the merits of Petitioner's claims, that it is grateful to Mr. Goldstein for his candor and provision of assistance to Petitioner above and beyond the scope of his representation of Petitioner on appeal. Second, although the Court cannot say that Petitioner's petition presents a substantial likelihood of success on the merits, after review of the petition and Respondent's answer the Court accepts Mr. Goldstein's declaration that this case presents meritorious issues for which there is a reasonable probability of success. Third, and most importantly, the Court accepts Mr. Goldstein's representation to the Court that Petitioner wholly lacks the capacity to pursue post-conviction relief due to significant mental illness. Fourth, as addressed separately, the Court also accepts Petitioner's representation that he is indigent and cannot afford an attorney.[2] The Court grants Petitioner permission to proceed in forma pauperis by separate order.

The Court concludes that Petitioner is unable to litigate the several, relatively complex issues raises on petition without the assistance of counsel. The Court concludes that the interests of justice require appointment of counsel, as permitted under 18 U.S.C. § 3006A(a)(2)(B), for the purposes of filing a traverse.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for the appointment of counsel (ECF No. 14) is **GRANTED**;

2. The Office of the Federal Public Defender is appointed to represent Petitioner for the limited purpose of filing a traverse;

3. The Clerk of the Court is directed to serve a copy of this order on the Office of the Federal Public Defender;

4. Within fourteen (14) days of the service date of this order, the assigned Federal Public Defender shall file a Notice of Appearance;

///

///

---

[2] The Court also accepts Mr. Goldstein's representation that Respondent's counsel has no objection to the appointment of counsel for Petitioner. ECF No. 14 at 8.

5. Within the time granted by separate order addressing Petitioner's motion for an extension of time to reply to Respondent's answer, the assigned Federal Public Defender shall file a traverse responding to Respondent's answer. The assigned Federal Public Defender may make motions requesting appropriate relief as needed; and

6. Unless later ordered otherwise on motion and for good cause shown, the petition will be submitted upon the record and briefs without oral argument.

Dated: February 24, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE